GEORGE A. HAMILTON v. J. M. WILSON, *as Clerk, &c.*

No. 11,608. (59 Pac. 1069.)

TAXATION—*Judgments.* Chapter 243, Laws of 1897 (Gen. Stat. 1897, ch. 158, §§ 32–41; Gen. Stat. 1899, §§ 7175–7184), providing for the taxation of judgments, is unconstitutional and void.

Original proceeding in mandamus. Opinion filed February 10, 1900. Writ allowed.

STATEMENT.

THE facts in this case have been agreed to by the parties in writing, and are as follows :

"That the said George A. Hamilton, plaintiff, is now and has been a resident of the state of Iowa, and has never been a resident of the state of Kansas ; that on or about the 27th day of November, 1889, the said George A. Hamilton recovered a judgment on a certain note and mortgage held by said Hamilton and which had been sent to Ellsworth, Kansas, for collection, in the district court of Ellsworth county, Kansas, against one Thomas N. Rankin for the sum of $2,484.10, which said sum drew interest from the date of said judgment at the rate of seven per cent. per annum, and for the foreclosure of a mortgage on certain real estate in Ellsworth county, Kansas ; that in May, 1890, the said real estate was duly sold under foreclosure proceedings and the proceeds of the sale were applied to the payment of the judgment debt, leaving a balance due of $563.23 ; that on the 28th day of July, 1891, the clerk of the district court of Ellsworth

county, Kansas, duly issued an execution to the sheriff of Ellsworth county, Kansas, for the purpose of collecting the balance due on the said judgment, and said execution was directed to the said sheriff to collect such balance out of the goods and chattels, and for want of same, out of the real estate of the said Thomas N. Rankin ; that said execution was duly received by the said sheriff and was by him on the 8th day of August, 1891, returned unsatisfied, having indorsed thereon a return that he could find no property of the said defendant ; that thereafter, and on the 14th day of January, 1895, an execution was duly issued by the clerk of said district court of said Ellsworth county, and directed to the sheriff of said county, on said judgment, and directing the said sheriff to collect from the said Thomas N. Rankin the amount then due on the said judgment, which execution was returned by J. H. Hutchins, the then sheriff of said county, on the 14th day of March, 1895, with an indorsement thereon that he could find no goods and chattels and real estate of the said Thomas N. Rankin in said county ; that thereafter, pursuant to the provisions of chapter 243 of the Session Laws of 1897 of the state of Kansas, relating to the taxation of judgments, the said judgment hereinbefore referred to, and being then of record in the district court of Ellsworth county, Kansas, was duly listed for taxation and taxed in accordance with the provisions of the said act ; and that there was a default in the payment of the said tax levied upon the said judgment, and said judgment was duly advertised for sale in manner and form as required by the provisions of said act, and was, according to the provisions of said act, duly sold to the highest and best bidder, and in the manner and form as required by the provisions of the said act of the legislature ; and that at the said sale the said judgment was purchased by the said Thomas N. Rankin for the sum of $13.80, that sum being the full amount of all taxes and charges assessed and levied on and against said judgment ; that thereafter a certificate, showing the tax sale of the said judgment, was duly issued as required by the said act of the legislature to the said

Thomas N. Rankin, as the purchaser of the said judgment at the said sale ; that thereafter, and on the 16th day of March, 1899, the said Thomas N. Rankin as the owner of the said judgment by virtue of the said tax-sale proceedings hereinbefore recited, duly entered upon the records of the district court of Ellsworth county, Kansas, a release and discharge of the said judgment, and at the same time filed and left with the clerk of the said court the certificate before that time received by him, showing that he had purchased the said judgment at said tax sale, which said certificate was then and there by the said clerk of the said district court filed as a part of the records of the office of the said clerk of the said district court, and still remains a part thereof ; that the said Thomas N. Rankin does not own nor claim any ownership in said judgment or any right to release the same of record except such ownership or right as he may have acquired by reason of the tax proceedings herein set forth.

"It is further admitted by the parties hereto for the purposes of this action that all of the proceedings had in reference to the listing, taxation, advertising and sale of the said judgment, and the purchasing of same, were strictly in accordance with the provisions of the said act of the legislature hereinbefore referred to, and being chapter 243 of the Laws of 1897 of the state of Kansas.

"It is further expressly stipulated and agreed that in the event that the said proceedings as hereinbefore recited do not in law operate as a release and discharge of the said judgment, said judgment has not otherwise been paid, released or satisfied by the said Thomas N. Rankin or said plaintiff, or by any one for or on his behalf and account.

"It is further agreed by the parties hereto that the said George A. Hamilton had no actual knowledge of any of the tax proceedings herein recited in relation to said judgment until after the said Thomas N. Rankin had released the judgment of record as herein stated under his claim of right to do under his said tax proceedings.

"It is further stipulated that on the 16th day of September, 1899, the said plaintiff, George A Hamilton, by his attorneys, Harvey & Harvey, presented to the clerk of the district court of said Ellsworth county, James M. Wilson, a præcipe for an execution, which said præcipe was in due form as required by law, and demanded of the said clerk that an execution issue on the said judgment; that the said James M. Wilson, as said clerk of said court, by reason of the cancelation and discharge of the said judgment in the manner as hereinbefore set out, refused and still refuses to issue an execution on the said judgment; that on or about the 16th day of September, 1899, said plaintiff filed a motion in said district court in said action, moving said court to make an order directing the said James M. Wilson as clerk of said court to issue an execution on the said judgment in accordance with the præcipe filed as aforesaid, which said motion regularly coming on to be heard at the October term, 1899, of the said district court, the said court refused to consider or pass upon the said motion, although the said plaintiff was present and demanded a hearing and consideration thereof; that the reason assigned by the said court in refusing to pass upon the said motion was that said court would not pass upon the validity of the said law taxing judgments in such a summary manner in said action and would only pass upon same under proper mandamus proceedings."

*Harvey & Harvey*, and *A. E. Maine*, for plaintiff in error.

*Ira E. Lloyd*, and *N. F. Nourse*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : Chapter 243, Laws of 1897 (Gen. Stat. 1897, ch. 158, §§ 32–41; Gen. Stat. 1899, §§ 7175–7184), relating to the taxation of personal judgments,

is attacked as unconstitutional.  The first section of the law reads :

"SECTION 1.  The term 'personal judgments' shall include all personal judgments for money only, owned by residents and non-residents of the state of Kansas : *Provided*, this section shall not apply to judgments upon foreclosure of mortgages prior to the sale of the lands described in the decree, work and labor judgments or for material furnished in the erection of buildings, and improvements on land or lots.  But shall apply to all personal judgments rendered upon foreclosure of mortgage after sale when a deficiency judgment remains against the judgment debtor."

It is particularly urged that the exemptions contained in said section violate the requirement of uniformity in assessment and taxation contained in section 1, article 11, of the constitution, as follows :

"§ 1.  The legislature shall provide for a uniform and equal rate of assessment and taxation ; but all property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, and personal property to the amount of at least two hundred dollars for each family, shall be exempted from taxation."

It is evident that the prescribed rule of uniformity has been disregarded in the discriminations made between different classes of judgments mentioned in section 1 of the act.  It is quite certain that the law in question was passed for other purposes than the production of revenue.  This, however, would be an immaterial consideration if the taxing power had confined itself within constitutional limits.

We know by common experience that judgments on debts secured by mortgages are of much greater value than deficiency judgments for the same amounts remaining over after the property upon which they were liens has been exhausted.  Yet under this law such

valuable judgments are wholly exempted while judgments for deficiencies are taxed. Again, it is difficult to furnish a reason why, under a tax law requiring uniformity and equality in its operation, a judgment for material furnished in the erection of buildings should be exempted from taxation, while a judgment rendered for money borrowed to purchase the material so used should be taxed. Deficiency judgments remaining after the sale of real estate upon foreclosure of mortgages are subject to be taxed; but any deficiency arising on judgments in the case of the foreclosure of other liens, such as mechanics' or material men's liens, is wholly exempted.

While it may be an unimportant inquiry, yet, reading the whole law together, it seems to have been enacted for the purpose of benefiting judgment debtors. By section 9, after a judgment has been advertised and offered for sale without bidders, the county treasurer is required to bid in the same in the name of the county. Thereafter the board of county commissioners is authorized to compromise the tax with the judgment debtors upon such terms and conditions as may be to the best interests of the county, thus restricting the power of the county commissioners to sell the judgment so held by the county, unless the judgment debtor shall see fit to purchase the same. Strangers to the judgment, or even the holder and owner of the same, cannot compromise the tax thereon with the county.

Under the above constitutional provision, the legislature has a narrow latitude in exempting property from taxation, and the extent of its departure from a uniform and equal rate of assessment and levy is marked out and circumscribed in express terms. This constitutional provision is to be regarded as a limita-

tion on the power of the legislature to discriminate between different classes or kinds of property when enacting tax laws. In Cooley on Taxation (2d ed.), 215, it is said :

"It is difficult to conceive of a justifiable exemption law which should select single individuals or corporations, or single articles of property, and, taking them out of the class to which they belong, make them the subject of capricious legislative favor. Such favoritism could make no pretense to equality ; it would lack the semblance of legitimate tax legislation."

In the case of *In re Page*, 60 Kan. 842, 847, 58 Pac. 478, this court passed upon the validity of a law providing for the taxation of contracts of insurance made with insurance companies not authorized to do business in this state. The tax was restricted in its operation to contracts with insurance companies not licensed here, and made no provision for taxing contracts with domestic companies or companies authorized and licensed to carry on insurance in Kansas. The law was held void. Mr. Justice Johnston, speaking for the court, said :

"The lack of uniformity is manifest in another way : One taxpayer has a policy written in the state by a company with authority on which no tax is imposed, while his neighbor has one written by an unlicensed company at Indianapolis, or other place outside of the state, which is subject to taxation. Taxes are uniform and equal when imposed on all property of the same character within the taxing district, and yet here the insured pays a ten-per-cent. tax upon a policy written outside of the state, while his neighbor pays nothing on a policy of equal value and affording the same protection because it is written within the state. . . . This is an invidious discrimination, purposely made, and is a distinct departure from the constitutional rule of uniformity." (See the numerous authorities

cited, and, also, *Railway Co. v. Clark*, 60 Kan. 826, 58 Pac. 477.)

Much has been said by counsel for plaintiff regarding the *situs* of the judgment, it being owned by a citizen and resident of Iowa. We deem it unnecessary to enter into a discussion of that question. For the purposes of the case we assume that the *situs* of the judgment is in this state.

The act in question is void, and the sale of the judgment and its satisfaction by the judgment debtor unauthorized. A peremptory writ of mandamus will be awarded.